UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| PRINCE ROGERS NELSON, | ) | |
| F/K/A PRINCE AND | ) | |
| PAISLEY PARK ENTERPRISES, INC., | ) | |
| | ) | **CIVIL ACTION NO. _____** |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| BEAUFORT LIQUIDATION CENTER, | ) | **COMPLAINT** |
| LLC, a South Carolina Corporation, | ) | |
| BLC, INC., a South Carolina Corporation, | ) | |
| CLUB RETURNS, INC., a South Carolina | ) | |
| Corporation, NATIONAL FREIGHT | ) | |
| RECOVERY, INC., a South Carolina | ) | |
| Corporation, AND JEFFREY L. LOWE, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

COME NOW the Plaintiffs, Prince Rogers Nelson, f/k/a Prince (hereinafter "Prince"),

and Paisley Park Enterprises, Inc. (hereinafter "Paisley"), by and through their undersigned

counsel, and file their Complaint against Defendants Beaufort Liquidation, Center, LLC

(hereinafter "Liquidation"), BLC, Inc. (hereinafter "BLC"), Club Returns, Inc.(hereinafter

"Club"), National Freight Recovery, Inc., (hereinafter "Freight") and Jeffrey L. Lowe,

(hereinafter "Lowe") and state as follows:

### INTRODUCTION

1.    This is an action for trademark infringement under the Lanham Act, 15 U.S.C.

§1051, *et seq*. This is an action for the wrongful use and misappropriation of a trademark, name

and likeness, including trademark infringement under Section 32 of the Lanham Act, 15 U.S.C.

§1114, unfair competition, passing off, false advertising and false designation of origin under

Section 43 of the Lanham Act, 15 U.S.C. §1125, dilution of a famous mark under Section 43 of

the Lanham Act, 15 U.S.C. §1125, copyright infringement pursuant to 17 U.S.C. Section 101, *et seq.* and unfair competition and unfair and deceptive advertising under applicable state laws.

2.    This case arises out of the Defendants' collective, joint, and common acts in connection with the advertisement, promotion, and marketing of clothing, artifacts, and other personal property with unique and "collectible" value as the personal property of Prince. Defendants are attempting to exploit for profit the persona, likeness, fame, trademarks, and copyright of the Plaintiffs suggesting, implying, and stating that the items for sale are being so offered with the consent, approval, permission, and authority of Prince.  In fact, Prince has not extended any such consent, approval, permission, or authority for such commercial use of his property, his trademarks, his likeness, his name, or his persona.

3.    The property sought to be sold and commercially exploited includes, *inter alia,* clothing worn by Prince during live performances, shoes worn during live performances, and numerous other items and artifacts partially itemized on print-out of Defendants' website (attached hereto as Exhibit A and made a part hereof with the same force and effect as if set forth in full).  On information and belief, the property sought to be sold and commercially exploited includes a personal Palm Pilot and personal health and medical records belonging to Prince.

**JURISDICTION AND VENUE**

4.    This Court has subject matter jurisdiction, pursuant to 28 U.S.C. Section 1331, based on the presence of several Federal questions, including, but not limited to, the Lanham Act, 15 U.S.C. Section 1051, *et. seq.*, and the Copyright Act, 17 U.S. Code Section 101, *et seq.* This Court will have personal jurisdiction over the Defendants who will be duly and properly served herein.  Venue is correct and proper in that this District is the residence of all of the

Defendants herein, and the Defendants maintain and intend to sell the personal property at issue from premises located in this District.

## PARTIES

5.      Prince is a world famous and immensely popular performing artist, singer, musician, composer and actor.  He has a unique persona and assiduously avoids extraneous public exposure.  He generally avoids appearing in commercial advertisements or doing product endorsements except for products which he creates or produces.  He designed a unique symbol which he adopted as his professional name and used exclusively as his professional name for several years.  Prince produced and starred in an academy award winning movie, "Purple Rain," in 1984 and, since that time, he has been associated with a distinctive style of personal dress evidenced in Exhibit A.

6.      Paisley Park Enterprises, Inc. is a Minnesota Corporation closely held by Prince. Paisley's sole business activity is promotion, management, and administration of the business affairs of Prince which includes operation of a recording studio, a base of operations, and ownership and monitoring proper use of Prince intellectual property including trademarks, copyrights, likenesses, and name use.

7.      Defendant Liquidation is a South Carolina Corporation whose address is in care of Ralph E. Tupper (registered agent), 611 Bay Street, Beaufort, South Carolina.  Liquidation is in the business of personal property liquidation, usually from distressed businesses.  Liquidation, in concert and conspiracy with BLC, Club, Freight and Lowe, operates internet websites known as YouPickUp.com and YouPickItUp.com, which websites advertise and promote the sale of property of the Plaintiffs.  In so doing, Liquidation infringes on Plaintiff's trademarks and

copyrights, wrongfully uses Princes likeness and name, and engages in unfair competition and false advertising, all as more fully set forth herein.

8. Defendant BLC is a South Carolina Corporation whose address is in care of Ralph E. Tupper (registered agent), 611 Bay Street, Beaufort, South Carolina. BLC is the parent company of Liquidation, Club, and Freight.

9. Defendant Club is a South Carolina Corporation whose address is in care of Ralph E. Tupper (registered agent), 611 Bay Street, Beaufort, South Carolina, and participated in the wrongful and tortuous acts in concert and combination with the other Defendants herein as alleged above and more fully set forth hereinafter.

10. Defendant Freight is a South Carolina Corporation whose address is in care of Ralph E. Tupper (registered agent), 611 Bay Street, Beaufort, South Carolina. Freight is an affiliate of Club and participated in the wrongful and tortuous acts in concert and combination with the other Defendants herein as alleged above and more fully set forth hereinafter.

11. Defendant Lowe, upon information and belief, is the principal shareholder, officer and director of Liquidation, BLC, Club, and Freight. Lowe participated in the wrongful and tortuous acts in concert and combination with the other Defendants herein as alleged above and more fully set forth hereinafter.

## THE TRADEMARKS

12. Paisley owns U.S. Trademark Registration Nos. 1,822,461, 1,860,429, 1,871,900, and 1,849,644, registrations for a design mark. Copies of the mark (hereinafter "the Mark") and registration data are attached hereto as Exhibits B, C, D and E, which are incorporated herein by reference with the same force and effect as if set forth in full herein.

13. The Mark is distinctive.

14.     Plaintiffs have used and use currently the Mark in commerce since March 1, 1992.   Plaintiffs have used the Mark in association with sound recordings, including pre-recorded audio cassettes, phonograph records and compact discs featuring music and entertainment, pre-recorded videotapes featuring music and entertainment; clothing for men, women, and children, namely T-shirts, shirts, jackets, footwear, socks, headbands, wristbands, jerseys, shorts, hats, caps and scarves; posters and publications, namely fan club magazines, comic books, activity books and books pertaining to a variety of subjects; bumper stickers and stickers; and entertainment services, namely live performances by a musical group.

15.     The Mark is commercially valuable and brings added value to products and services bearing or displaying the Mark.

16.     The Mark is generally known to be associated with Prince.  Prince used the Mark as his professional name for several years and attracted national and international fame for his use of the Mark as his professional performing name.

17.     Goods or services bearing the Mark carry the implicit message that such goods and services are offered with the approval, consent, license, authorization and endorsement of Prince.   As a consequence of this implied approval, consent, license, authorization and endorsement of Prince, such goods or services have added commercial value.

18.     Plaintiffs own the exclusive right to the professional and commercial use of the name "Prince."

19.     Prince now uses and has used for some time the name "Prince" as his professional and performing name.

20.     The name "Prince" is distinctive.

21. Plaintiffs have used and currently use the name "Prince" commercially in association with sound recordings, including pre-recorded audio cassettes, phonograph records and compact discs featuring music and entertainment, pre-recorded videotapes featuring music and entertainment; clothing for men, women, and children, namely T-shirts, shirts, jackets, footwear, socks, headbands, wristbands, jerseys, shorts, hats, caps and scarves; posters and publications, namely fan club magazines, comic books, activity books and books pertaining to a variety of subjects; bumper stickers and stickers; and entertainment services, namely live performances by a musical group.

22. The name "Prince" is commercially valuable and brings added value to products and services bearing or displaying the name "Prince."

23. The name "Prince" is generally known to be associated with Prince.

24. Goods or services bearing the name "Prince" carry the implicit message that such goods and services are offered with the approval, consent, license, authorization and endorsement of Prince. As a consequence of this implied approval, consent, license, authorization and endorsement of Prince, such goods or services have added commercial value.

25. Plaintiffs have the exclusive right of ownership and use of Prince's likeness.

26. Prince's likeness, i.e., his appearance as photographically or by other visual arts faithfully rendered is distinctive. His likeness includes his personal physical appearance and his performing wardrobe, consisting of distinctive and unique specially-tailored clothing and stage costumes.

27. Plaintiffs have used and currently used Prince's likeness commercially in association with promoting sound recordings, including pre-recorded audio cassettes, phonograph records and compact discs featuring music and entertainment, pre-recorded

videotapes featuring music and entertainment; clothing for men, women, and children, namely T-shirts, shirts, jackets, footwear, socks, headbands, wristbands, jerseys, shorts, hats, caps and scarves; posters and publications, namely fan club magazines, comic books, activity books and books pertaining to a variety of subjects; bumper stickers and stickers; and entertainment services, namely live performances by a musical group.

28.    Prince's likeness is commercially valuable and brings added value to products and services bearing or displaying the Princes likeness.

29.    Prince's likeness is generally known to be associated with Prince.

30.    Goods or services bearing Prince's likeness carry the implicit message that such goods and services are offered with the approval, consent, license, authorization and endorsement of Prince. As a consequence of this implied approval, consent, license, authorization and endorsement of Prince, such goods or services have added commercial value.

## FACTS/DEFENDANTS' ACTS

31.    Defendants have appropriated and used, and are currently appropriating and using, the trademark, name, and likeness of Plaintiffs, all as appear in Exhibit A.

32.    The Defendants' appropriation and use of Plaintiffs' trademark, name and likeness is a commercial use and for commercial purposes, and for the economic profit of Defendants.

33.    The Defendants' appropriation and use of Plaintiffs' trademark, name, and likeness misrepresents to the public the source of the goods associated with Defendant's commercial venture.

34.    The Defendants' appropriation and use of Plaintiff's trademark, name, and likeness confuses the public as to the endorsement, approval, license, and consent of Prince of Defendants' commercial venture.

35.    Plaintiffs have not consented, and do not consent, to license, endorse, or approve the Defendants' appropriation of their trademark, name, or likeness.

36.    Plaintiffs have not consented, and do not consent, to,license, endorse, or approve the Defendants' commercial venture.

## FOR A FIRST CAUSE OF ACTION
### (Federal Trademark Infringement)

37.    All preceding allegations are hereby realleged as if repeated herein verbatim.

38.    Defendants' acts, as set forth above, constitute trademark infringement in violation of the Lanham Act, 15 U.S.C. Section 1051, *et seq.*, and entitles Plaintiffs to the remedies, *inter alia,* and not by way of limitation, provided pursuant to 15 U.S.C. Section 1114.

39.    Plaintiffs' federal registrations on the Principal Register, Number 1,822,461, Number 1,860,429, Number 1,871,900, and Number 1,849,644 are conclusive evidence of Plaintiffs' exclusive right to use these marks, pursuant to the Lanham Act, 15 U.S.C. Section 1115. The registrations are incontestable, which provides conclusive evidence of their validity and Plaintiffs' exclusive right to use the marks in commerce in connection with the goods and services specified in the certificates of registration (Exhibits B, C, D and E) pursuant to 15 U.S.C. Section 1115(b).

40.    Defendants' wrongful uses of Plaintiffs' trademarks are likely to cause confusion as to sponsorship or authorization by Plaintiffs or, alternatively, destroy the origin-identifying function of the Marks.

41.    As a direct and proximate result of Defendants' actions, Plaintiffs have suffered and will continue to suffer great damage to their business, goodwill, reputation, profits, and the strength of their trademarks.

42.    The injury to Plaintiffs is and continues to be ongoing and irreparable.  An award of monetary damages alone cannot fully compensate Plaintiffs for their injuries, and Plaintiffs lack an adequate remedy at law.

43.    The foregoing acts of infringement have been and continue to be deliberate, willful and wanton, constituting an exceptional case within the meaning of 15 U.S.C. Section 1117.

44.    Plaintiffs are entitled to  temporary and permanent injunctions against Defendants, as well as all other remedies available under the Lanham Act, including, but not limited to, compensatory damages, treble damages, disgorgement of profits, costs, and attorney's fees.

**FOR A SECOND CAUSE OF ACTION**
**(Federal Unfair Competition)**
**(False Designation of Origin, Passing Off and False Advertising)**

45.    All preceding allegations are hereby realleged as if repeated herein verbatim.

46.    The Marks, name, and likeness of Prince, all as alleged above, are distinctive and exclusively identify Plaintiffs' business, products and services.

47.    Because of Defendants' wrongful use of Plaintiffs' trademarks, name, and likeness, consumers are deceptively led to believe that the products Defendants seek to promote, advertise, and sell originate with and are sponsored, endorsed, or approved by Prince. Defendants' wrongful and deceptive use of Plaintiffs' trademarks, name, and likeness violates the Lanham Act, 15 U.S.C. Section 1125(a).

48.    The foregoing acts and conduct by Defendants constitute false designation of origin, passing off, and false advertising in connection with products and services distributed in interstate commerce, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. Section 1125(a).

49.    Defendants' acts, as set forth above, have caused irreparable injury to Plaintiffs goodwill and reputation.  The injury to Plaintiffs is and continues to be ongoing and irreparable. An award of monetary damages alone cannot fully compensate Plaintiffs for their injuries, and Plaintiffs lack an adequate remedy at law.

50.    Plaintiffs are entitled to a temporary and permanent injunction against Defendants, as well as all other remedies available under the Lanham Act, including, but not limited to, compensatory damages, treble damages disgorgement of profits and costs and attorney's fees.

## FOR A THIRD CAUSE OF ACTION
### (Dilution of Famous Marks)

51.    All preceding allegations are hereby realleged as if repeated herein verbatim.

52.    Plaintiffs' trademarks are famous trademarks within the meaning of 15 U.S.C. Section 1125(c).

53.    Plaintiffs have no control over the Defendants' advertising and marketing, nor over the goods they seek to sell through their misappropriation of Plaintiffs' famous trademarks.

54.    As a result of Defendants' misappropriation of Plaintiffs' famous trademarks, the trademarks, together with their distinctive nature, will be diluted and blurred in violation of 15 U.S.C. Section 1125(c).

55.    Defendants' wrongful conduct constitutes an extreme threat to the distinctiveness of Plaintiffs' Marks that Plaintiffs have expended great efforts to develop and maintain through strict control over the decision to license usage of the Marks.

56.    The distinctive nature of Plaintiffs' Marks is of enormous value, and Plaintiffs will continue to suffer irreparable harm and blurring of the Plaintiffs' Marks if Defendants' wrongful conduct is allowed to continue.

57.    Defendants' marketing of Prince artifacts through misappropriation of his Marks will likely continue unless enjoined by this Court.

58.    Plaintiffs are entitled to  temporary and  permanent injunctions against Defendants, as well as all  other remedies available under the Lanham Act, including but not limited to, compensatory damages, treble damages, disgorgement of profits, and costs and attorney's fees.

## FOR A FOURTH CAUSE OF ACTION
### (Copyright Violation)

59.    All preceding allegations are hereby realleged as if repeated herein verbatim.

60.    Prince is an author and composer of films, videos, and musical compositions.

61.    Plaintiffs hold copyrights to various film and musical works, including works that include autobiographical representations of Prince and the character of Prince.

62.    The character of Prince is distinctive and unique, and has great literary, musical, artistic, and commercial value.

63.    Plaintiffs have the exclusive rights to the character of Prince as guaranteed by the U.S. Copyright Act, 17 U.S.C. Sections 101, *et seq.,* and more particularly, but not by way of limitation, 17 U.S.C. Section 106.

64.    Defendants are copyright infringers of Plaintiffs' copyrights under 17 U.S.C. Section 501(a), having wrongfully misappropriated the content and substance of the Prince character.

65.    Plaintiffs have been and are currently being damaged by the aforesaid infringement of their copyrights. The value of their copyrights is diminished because of their wrongful infringement and misappropriation by Defendants. Plaintiffs have suffered and are suffering irreparable injury for which there is no adequate remedy at law and which requires injunctive relief in order to adequately redress Plaintiffs' injuries.

**FOR A FIFTH CAUSE OF ACTION**
**(S.C. Unfair Trade Practices Act)**

66.    All preceding allegations are hereby realleged as if repeated herein verbatim.

67.    The Defendants' actions and conduct as alleged herein violate the South Carolina Unfair Trade Practices Act, Sections 39-5-20, *et seq.*, S.C. Code Ann.

68.    The Defendants' actions and conduct as alleged herein were such that the Defendants either knew or should have known that the said actions or conduct have the effect, tendency, and capacity to deceive.

69.    The Plaintiffs have been damaged as a result of the Defendants' unlawful actions or conduct.

70.    The Plaintiffs are entitled under S.C.U.T.P.A. to treble actual damages, prejudgment interest, and reasonable attorney's fees and costs associated with this action.

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

(1)    That Defendants, their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with Defendants who receive actual notice of the Court's order, by personal service or otherwise, be permanently enjoined from:

(a)    using any of the Prince Marks, including registered symbol, name, or likeness, or any variation thereof, for any commercial purpose including, but not limited to, marketing of merchandise;

(b)    diluting, blurring, passing off or falsely designating the origin of the registered Prince trademarks, name, and likeness and from injuring Plaintiffs' goodwill and reputation;

(c)    doing any other act or thing likely to induce the belief that Defendants' businesses, services or products are in any way connected with, sponsored, affiliated, licensed, or endorsed by Plaintiffs;

(d)    using any of the Plaintiffs' Marks for goods or services, or on the internet, or as domain names, email addresses, meta tags, invisible data, or otherwise engaging in acts or conduct that would cause confusion as to the source, sponsorship or affiliation of Defendants with Plaintiffs;

(2)    That Defendants, in accordance with 15 U.S.C. § 1116(a), be directed to file with this Court and serve upon Plaintiffs, within thirty days after service of the permanent injunction, a report in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with the permanent injunction;

(3)    That Plaintiffs recover their actual damages sustained as a result of Defendants' wrongful actions;

(4)    That Plaintiffs recover Defendants' profits made as a result of Defendants' wrongful actions;

(5)    That Plaintiffs recover three times Defendants' profits made as a result of Defendant's wrongful actions or three times Plaintiffs' damages, whichever is greater;

(6)    That this case be deemed an exceptional case under 15 U.S.C. §§ 1117(a) and (b) and that Defendants be deemed liable for and ordered to reimburse Plaintiffs for their reasonable attorneys' fees;

(7)     That Plaintiffs be awarded exemplary damages for Defendants' willful and intentional acts;

(8)     That Plaintiffs recover their costs of Court;

(9)     That Plaintiffs recover all available damages under S.C.U.T.P.A.; and

(10)     That Plaintiffs recover such other and further relief to which this Court may deem just and proper.

Respectfully submitted this 23rd day of March, 2007.

**AKINS LAW FIRM, LLC**

By:     /s/ Dale Akins_____
        Dale Akins
        Fed ID No. 5641
        Attorney for Plaintiffs

#6 Johnston Way, Unit A
Post Office Box 1547
Bluffton, South Carolina   29910
Telephone:     (843)757-7574
Facsimile:     (843)757-76901